IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

IN RE:                            )
                                  )     Chapter 7
JOSEPH WILLIAM TEKIPPE,           )
JAMIE LEA TEKIPPE,                )     Bankruptcy No. 08-01216
                                  )
    Debtors.                      )

**ORDER RE MOTION FOR AUTHORITY TO CONDUCT AUCTION**

The above-captioned matter came on for hearing on December 18, 2008 in Dubuque, Iowa. Debtors appeared by Attorneys Todd Prichard and Judith O'Donohue. Trustee Sheryl Schnittjer appeared in person with Attorney Abbe Stensland. Evidence and oral argument were presented after which the Court took the matter under advisement. The parties were allowed time within which to submit additional briefs. All briefing is now complete and this matter is ready for resolution.

The matter before the Court is a motion filed by the Chapter 7 Trustee for authority to conduct an auction. The asset which Trustee seeks to auction is a lawsuit filed in Iowa District Court in Allamakee County in which Debtor Joseph William Tekippe is the plaintiff and the State of Iowa is the defendant. The claim by Debtor/Plaintiff alleges constructive discharge and violations of the Iowa Whistle Blower Statute. Trustee seeks to auction this lawsuit. Debtors assert various grounds in resistance to the Motion.

Debtors filed their Chapter 7 bankruptcy petition on June 2, 2008 in the U.S. Bankruptcy Court for the Northern District of Iowa. Debtors listed, under Schedule B, a non-exempt asset denominated "Employment claim re state of Iowa". The asset is valued at zero. It was subsequently determined by Trustee that this claim was actually a lawsuit which was filed by Debtor Joseph Tekippe on December 15, 2005 and had been on file for almost 2 1/2 years at the time of the filing of the Chapter 7 petition.

Trustee determined that the only non-exempt asset with potential value is this lawsuit. She contacted Defendant, the State of Iowa, which offered $5,000 to purchase this asset. Trustee sought acceptance of this amount and provided notice to all creditors with a bar date of September 17, 2008. Debtors objected to the sale. Ultimately, Debtors offered $6,000. The State of Iowa countered with an offer of $6,100. On October 24,

2008, Trustee filed a Motion for Authority to Conduct Auction to liquidate this asset.  Debtors filed an objection to Trustee's Motion for Authority to Conduct Auction and, subsequently, filed an amended objection on October 31, 2008.

In the original objection, Debtors ask the Court to approve their $6,000 offer for the lawsuit.  In the amended objection to Trustee's Motion for Authority to Conduct Auction, Debtors assert that the State of Iowa originally offered $5,000 and represented that it would not bid more than $5,000 for this lawsuit.  Debtors assert that it relied on the State's representation and urge the Court to deny Trustee's Motion for Authority to Conduct Auction in order that Trustee may sell the lawsuit to Debtors in the amount of their previous offer of $6,000.

The essence of Debtors' argument appears to be as follows.  Debtors argue that they have a legitimate lawsuit against the State.  The State of Iowa offered $5,000 to purchase this lawsuit.  There were discussions about the sufficiency of this amount and, on September 26, 2008, a telephone conference was held involving Trustee, Trustee's attorney, Debtors' attorneys, and attorneys from the Attorney General's office which represents the State of Iowa.  Debtors assert that during that conversation, the State indicated that it would not get into a bidding war over this claim and would not offer more than the $5,000.  Debtors state that, based upon this commitment, they filed their objection to the sale, stating that they would be willing to pay $6,000 for this lawsuit.  On October 24, 2008, the State of Iowa increased its offer to $6,100.

Trustee asserts that because of the fluidity of discussions concerning the value of this claim, she sought a public auction to determine the true value of this claim.  Debtors interpret the foregoing facts as establishing promissory estoppel by the State of Iowa concerning its $5,000 bid.  Debtors assert that they relied upon the State's offer of $5,000 to their detriment.  The detriment, as asserted by Debtors, is that they would have sought a voluntary dismissal of their Chapter 7 bankruptcy petition based upon the assurance of the State that it would not bid more than $5,000.  Based upon this alleged reliance, Debtors bid $6,000 for the claim and now assert that the Court should order Trustee to sell the claim to Debtors.  In their final clause, Debtors state:

> The Court should refuse the auction and either order that the claim can be bought by Debtors for $6,100 or pursued by them on some terms that allow

them to share with the Bankruptcy Court in the final verdict.

## CONCLUSIONS

The Court has carefully reviewed the arguments made by Debtors concerning their resistance to an auction to sell this asset. Debtors' arguments appear to be based upon two premises. First, Debtors argue that singly or collectively the defendant in the underlying lawsuit and Trustee have acted inappropriately in some manner. Secondly, Debtors seek to convince this Court that the disposition of this asset should be almost exclusively within their control.

The Court has reviewed the appropriate law in this regard. It is the statutory obligation of Trustee to dispose of estate property in a manner that maximizes the estate for the benefit of creditors. Trustee was negotiating the sale of this asset when discussions were held concerning the purchase of this lawsuit. This Court concludes that no promises were made which would be the subject of promissory estoppel by either the defendant in the underlying lawsuit or Trustee. The Court finds that Trustee was acting in a manner consistent with her statutory obligations. While Debtors argue to the contrary, the actions of Trustee are consistent with an appropriate disposition of this type of asset.

When it became apparent to Trustee that this asset may have additional value, she proposed that an auction be held to maximize this value. The course of events presented here are identical circumstances which occur in this Court on a frequent basis. The responsibility of Trustee is to maximize assets and the best way to do so is to auction the asset to the highest bidder.

In conclusion, the Court finds that no promises were made upon which a claim of promissory estoppel could be based. The Court finds that Trustee's conduct in attempting to maximize estate value was appropriate. The Court finds no basis for allowing Debtors to dictate the terms of disposition of this estate asset. Ultimately, the course of conduct proposed by Trustee in her Motion for Authority to Conduct Auction is an appropriate exercise of Trustee's responsibility and in the best interests of the Bankruptcy Estate.

**WHEREFORE**, Trustee's Motion for Authority to Conduct Auction is GRANTED.

**FURTHER**, Debtors' objection to Trustee's Motion is DENIED.

    **FURTHER**, Trustee is authorized to conduct an auction of the underlying cause of action in a manner consistent with that suggested by Trustee in paragraph 7 of her Motion.

    **FURTHER**, Debtors, the State of Iowa, and any other parties interested in the purchase of this asset are authorized to participate in the bidding process.

    Dated and Entered: January 5, 2009

_____
Paul J. Kilburg
Bankruptcy Judge